JUSTICE RICE
dissenting.
¶32 By concluding that the language of § 37-51-313(4)(c), MCA, is referring to multiple relationships of a buyer agent only when the buyer agent is acting as a dual agent, and therefore, a buyer agent cannot represent more than one buyer, I believe the Court has *189 misconstrued the statute and inserted its own preferred interpretation. ¶33 In delineating the obligations of a buyer agent to a buyer, the Legislature included the duty to disclose all relevant and material information concerning the real estate transaction, but created a critical exception-“unless the information is subject to confidentiality arising from a prior or existing agency relationship on the part of the buyer agent.” Section 37-51-313(4)(c), MCA. Coldwell Banker argues that this provision demonstrates that the Legislature anticipated a buyer agent may represent more than one buyer. The Court rejects this argument, concluding that the reference to other relationships “of the buyer agent” refers to only those situations in which a buyer agent is acting as a dual agent, that is, simultaneously representing both a buyer and a seller. For the following reasons, I believe the Court’s conclusion is incorrect.
¶34 First, the Court’s interpretation requires the conclusion that the Legislature listed within the buyer agent subsection duties which apply only to dual agents, even though the Legislature specified the duties for dual agents in its own subsection. Section 37-51-313(7), MCA. In interpreting a statute, we are to consider “the statute’s text, language, structure, and object[,]” S.L.H. v. State Compensation Mut. Ins. Fund, 2000 MT 362, ¶ 16, 303 Mont. 364, ¶ 16, 15 P.3d 948, ¶ 16, but the Court here discards the clear structure of the statute. Although a dual agent takes on the obligations of a buyer agent to a buyer and of a seller agent to a seller pursuant to § 37-51-313(7), MCA, the Court eliminates the stand-alone confidentiality obligation of a buyer agent who is not a dual agent, even though this obligation is set forth within the buyer agent subsection.
¶35 In its statement that “the ‘existing agency relationship’ referred to in § 37-51-313(4)(c), MCA, refers to dual agency as described in § 37-51-313(7), MCA,” see ¶ 24, the Court splices a critical phrase from its analysis. The statute actually reads that confidential information need not be disclosed to the buyer “arising from a vrior or existing agency relationship on the part of the buyer agent.” (Emphasis added.) Thus, a buyer agent may not disclose information to his or her buyer arising from either a prior or an existing agency relationship. Though the Court posits that the term “existing relationship” is comparable to dual agency, the Legislature’s use of the “prior relationship” concept demonstrates the statute is referring to something different. A dual agent “acts as the agent of both the buyer and seller with written authorization.” Section 37-51-102(10), MCA. A dual agent thus represents a buyer and seller simultaneously. Such simultaneous *190 representation is incompatible with the concept of a buyer agent’s “prior” relationships and demonstrates that § 39-51-313(4)(c), MCA, cannot be referring exclusively to dual agency.
¶36 More broadly, the reference in § 37-51-313(4)(c), MCA, to “buyer agent” cannot mean “dual agent” because a buyer agent cannot act as a dual agent. At the moment an agent, through a disclosure process based upon “written authorization,” becomes a dual agent, the agent is representing both a buyer and seller and no longer acting as a buyer agent. See § 37-51-102(10), MCA. This is further evident in a comparison of statutory duties. The duties owed to a buyer by a buyer agent are inconsistent with the duties owed to a buyer by a dual agent. Under § 37-51-313(4)(c), MCA, a buyer agent is prohibited from disclosing to the buyer “information subject to confidentiality arising from a prior or existing agency relationship on the part of the buyer agent.” In contrast, a dual agent “has a duty to disclose to a buyer or seller any adverse material facts that are known to the dual agent, regardless of any confidentiality considerations.” Section 37-51-313(7)(a), MCA (emphasis added). The only exceptions to this duty are for those matters, listed in § 37-51-313(7)(b), MCA, which first require that the dual agent obtain written consent before disclosing them. Obviously, it is impossible to keep information from a prior relationship confidential while at the same time disclosing information “regardless of confidentiality considerations.”
¶37 Moreover, the Court’s errors appear to inevitably lead to a collision with the interpretation of the administering agency. As pointed out by Amicus Montana Association of Realtors®, Inc., the Board of Realty Regulation has adopted regulations which acknowledge that a buyer agent may represent more than one buyer within the same transaction:
Licensees acting as listing agents shall not disclose the name of a person making an offer or the amount or terms of an offer to other persons interested in making offers except that this shall not prohibit the listing agent from disclosing that an offer has been made. If a buyer broker has principals making offers on the same property, the buyer broker cannot tell a buyer the terms and provisions of the competing buyer’s offer.
M. Admin. R. 24.210.641(p) (emphasis added).
¶38 Finally, in ¶ 26, the Court states that § 37-51-313(4)(c), MCA, “speaks to both buyer agents (acting only as buyer agents) and dual agents.” (Emphasis in the Court’s opinion.) Here, the Court reverses itself. If, in any way, this provision speaks to buyer agents acting only *191 as buyer agents-which is precisely Coldwell Banker’s argument and the position of this dissent-then Defendant Stone, acting as a buyer agent and not a dual agent, could properly represent more than one buyer, and she was merely prohibited from disclosing confidential information in doing so.
¶39 I would answer the question posed by the Federal Court as follows: “No, § 37-51-313(4), MCA, does not prohibit a buyer agent from simultaneously representing more than one buyer competing for the same property.” Thus, I dissent.
CHIEF JUSTICE GRAY and JUSTICE COTTER concur in the dissent of JUSTICE RICE.